# EXHIBIT A

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

Electronically FILED by Superior Court of California, County of Los Angeles on 03/04/2022 09:10 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

BRUCE NELSON, ESQ., SBN 154278
**SCRANTON LAW FIRM**
*A Professional Corporation*
2450 Stanwell Drive
Concord, CA 94520-4825
Telephone: (925) 602-2727
Facsimile: (925) 676-9999
Email: brucen@scrantonlawfirm.com

Attorneys for Plaintiff
TIYA CHRISTIAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TIYA CHRISTIAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE NORTHBROOK INDEMNITY COMPANY, and DOES 1 through 50,<br><br>　　　　Defendants. | Case No.: 22STCV07873<br><br>**COMPLAINT**<br><br>1. Breach of the implied covenant of good faith and fair dealing<br>2. Breach of Contract |

Plaintiff TIYA CHRISTIAN ("Plaintiff") alleges as follows:

### THE PARTIES

1. Plaintiff is, and at all times herein mentioned was, an individual residing in Fairfield, California.

2. Defendant ALLSTATE NORTHBROOK INDEMNITY COMPANY ("ALLSTATE") is a corporation domiciled in Illinois with a principal place of business in Northbrook, Illinois. ALLSTATE does business, including selling personal automobile insurance policies in the State of California, and issued an auto insurance policy to Plaintiff.

3. Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 50, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities of these Defendants once they are ascertained. Plaintiff is informed, believes and thereon alleges that each of these Defendants is responsible in some manner for the wrongful acts alleged in this Complaint and proximately caused Plaintiff's damages.

4. Plaintiff is informed and believes, and thereon alleges, that in doing the acts complained herein, each of the defendants named in the action was acting, at least in part, as the agent, servant, joint venturer and/or employee of each other, acting with the approval of the other defendants in the course of such agency, service, employment and/or joint venture. In the alternative, Plaintiff alleges that the acts of each such defendant were subsequently ratified by the other defendants.

5. At all times herein mentioned, "Defendants" refers to ALLSTATE NORTHBROOK INDEMNITY COMPANY, and DOES 1 through 50.

## VENUE

6. Venue is proper in the County of Los Angeles, State of California, because ALLSTATE is a foreign corporation, which has never designated the location and address of its principal place of business in California. As such ALLSTATE may be sued in any county in this state per the holding of *Easton v. Superior Court (Schneider Bros. Inc.)* (1970) 12 C.A.3d 243.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference all previous paragraphs as though fully set forth herein.

8. At all times herein mentioned Defendants issued to Plaintiff a written automobile insurance policy, policy number 937771797 ("POLICY"), which included underinsured motorist coverage.

9. The POLICY provided underinsured motorist coverage to Plaintiff and stated that Defendants would provide $100,000 per person and $300,000 per accident in underinsured motorist coverage.

## FIRST CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

*(Against All Defendants)*

10. Plaintiff hereby incorporates by reference all above paragraphs as though fully set forth herein.

11. On January 29, 2020, an automobile accident occurred. The automobile accident

COMPLAINT

2

involved an automobile driven by David Patrick Jones. Mr. Jones was insured under an automobile liability insurance policy, providing minimum liability coverage of $15,000 per person and $30,000 per occurrence. On August 24, 2021, Plaintiff settled Plaintiff's claims with Mr. Jones for payment of his policy limits. Plaintiff then pursued Plaintiff's claim for underinsured motor benefits under Plaintiff's POLICY with Defendants.

12. Defendants unreasonably and wrongfully refused to pay Plaintiff's request for the underinsured motorist benefits to which Plaintiff was entitled. Plaintiff had a claim which had a value in excess of $43,000. Defendants unreasonably and wrongfully refused to pay the underinsured motorist benefits to Plaintiff when due and otherwise delayed the payment of said benefits to Plaintiff.

13. Implied in the insurance POLICY issued to Plaintiff by Defendants was a covenant of good faith and fair dealing, pursuant to which, among other things, Defendants were required to give the interests of Plaintiff equal consideration with Defendants' own interests, and to deal fairly, in good faith, and openly with Plaintiff. Furthermore, Defendants were not to take steps to deny the benefits for which Plaintiff had contracted. Plaintiff purchased this POLICY for Plaintiff's peace of mind and protection and relied upon the contract of insurance and the covenants implied therein to protect Plaintiff from damages caused by underinsured motorists who might cause Plaintiff injury. All of the damages arising from the underlying claim were covered under Plaintiff's underinsured motorist coverage of the above-referenced POLICY. Defendants were put on timely and adequate notice of the existence and nature of Plaintiff's claim for underinsured motorist benefits and yet Defendants refused and failed to pay the benefits when due.

14. In spite of repeated demands by Plaintiff, Defendants unreasonably and without proper cause or adequate investigation refused to properly and timely pay the benefits due to Plaintiff in Plaintiff's claim for underinsured motorist benefits. Furthermore, Defendants failed to reasonably handle and investigate the claims for underinsured motorist benefits and engaged in practices which contravene Insurance Code § 790.03 and the regulations pertaining thereto, which are set forth in the Fair Claims Settlement Practice Regulations issued by the California Department of Insurance. Defendants breached the covenant of good faith and fair dealing implied in the

POLICY it had with Plaintiff when Defendants failed and refused to pay the underinsured motorist benefits due to Plaintiff and acted in a way to unreasonably delay the payment of these benefits. Defendants breached their duty of good faith and fair dealing by, among other things, the following actions:

    (a)    Failing to properly and timely investigate the underinsured motorist claim;

    (b)    Failing to adopt and implement reasonable standards for the prompt processing of claims;

    (c)    Failing to provide thorough and adequate training regarding the regulations, requirements and law relating to the handling of claims;

    (d)    Failing without proper cause to compensate its insured for a loss caused by an underinsured tortfeasor that is clearly covered by the POLICY;

    (e)    Failing and unreasonably refusing to pay underinsured motorist benefits due to Plaintiff in a timely fashion;

    (f)    Placing Defendants' own economic interests over and above those of Plaintiff;

    (g)    Failing to conduct a reasonable investigation;

    (h)    Misrepresenting the evidence and making low-ball settlement offers to Plaintiff;

    (i)    Concealing benefits and coverage under the POLICY;

    (j)    Failing to immediately communicate the benefits available to Plaintiff, and to cooperate with and assist her in determining the extent of coverage under the POLICY;

    (k)    Engaging in unfair claim settlement practices, in violation of the applicable statutes and regulations, including, but not limited to, Insurance Code § 790.03(h) and the regulations pertaining thereto issued by the California Department of Insurance under the Fair Claims Settlement Practice Regulations;

    (l)    Failing to provide a statement listing all bases for their rejection or denial of all or part of the claim, and the factual and legal basis for each reason given for such rejection or denial;

    (m)    Failing to provide a statement identifying the specific POLICY provision, condition or exclusion, in the POLICY, in support of their rejection or denial of all or any part of the claim;

4

1          (n)    Other acts and omissions of which Plaintiff is presently unaware, but which will be proved at time of trial.

15. Defendants engaged in despicable conduct, including persistent and stubborn stonewalling, refusal to communicate, improper and inadequate investigation and evaluation of the underlying claim by Plaintiff for underinsured motorists benefits, exploitation of the unequal bargaining position of the parties, failing to adequately and reasonably investigate the claim being brought by Plaintiff, failing and unreasonably refusing to pay benefits due to Plaintiff under the POLICY, failing to timely settle Plaintiff's claim for underinsured motorist benefits, failing to comply with Insurance Code § 790(a)-(h) and the regulations pertaining thereto, and putting its own interests ahead of the interests of Plaintiff. This conduct was deliberate, calculated and intentional, and done in the conscious disregard of the Plaintiff's rights, and with an aim towards protecting the Defendant's economic interest at the expense of Plaintiff's interests.

16. Defendants breached the covenant of good faith and fair dealing arising from the above-referenced POLICY and are liable to Plaintiff for all detriment and damages proximately caused by such breach, which detriment is an amount equal to all of the increased attorney's fees as well as the costs incurred by Plaintiff to recover Plaintiff's underinsured motorist benefits from Defendants, emotional distress and bodily injury, and attorney's fees under *Brandt v. Superior Court* (1985) 37 C.3d 813, all in an amount to be proven at trial.

17. The above-referenced breaches of the implied covenant of good faith and fair dealing were intentionally done with callous and conscious disregard for the rights of Plaintiff, and were willful, malicious and oppressive, and designed to injure Plaintiff. Such conduct was done as a course of business conduct by Defendants and with the prior knowledge, consent or subsequent ratification by an officer, director or managing agent of Defendants. Therefore, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendants for their wrongdoing, and to deter such outrageous, willful and wanton conduct in the future.

///

///

///

5

COMPLAINT

## SECOND CAUSE OF ACTION

### Breach of Contract

*(Against All Defendants)*

18. Plaintiff hereby incorporates by reference all above paragraphs as though fully set forth herein.

19. Under the insurance contract between Plaintiff and Defendants, Defendants agreed to provide $50,000 per person and $100,000 per accident in underinsured motorist coverage.

20. Defendants have and continue to fail and refuse to comply with the terms of the insurance contract by refusing to pay for Plaintiff's underinsured motorist claim for Plaintiff's bodily injury and related special damages, viz. lost wages, under the POLICY.

21. Plaintiff has complied with all terms and conditions of the insurance contract, including but not limited to paying all premiums for the POLICY.

22. As a result of Defendants' breach of contract, Plaintiff was required to employ, and continues to employ, attorneys and experts, to recover benefits rightfully owed to her under the POLICY.

23. As a further proximate result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer financial damage and hardship in being unable to obtain lost wages related to her underinsured motorist bodily injury claim.

24. As yet a further proximate result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer financial hardship and severe emotional distress, anxiety and worry from Defendants' wrongful denial of benefits afforded under the POLICY.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For general damages;
2. For special damages;
3. For economic damages;
4. For attorney's fees pursuant to *Brandt* and otherwise permitted by law;

5. For costs of suit incurred herein;

6. For prejudgment interest as permitted by law;

7. For punitive damages;

8. For exemplary damages;

9. For such other and further relief as this Court deems just and proper.

Dated: February 25, 2022

**SCRANTON LAW FIRM**
*A Professional Corporation*

By: _____
BRUCE NELSON, ESQ.
Attorneys for Plaintiff
TIYA CHRISTIAN